IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BOBBI-JO ISENBERG,

       Plaintiff,                            21cv1147
                                                       ELECTRONICALLY FILED

       v.

STATE FARM FIRE AND CASUALTY
COMPANY,

       Defendant.

## ORDER OF COURT

AND NOW this 6th day of January, 2021, upon consideration of Defendant, State Farm Fire and Casualty Company's Motion to Compel Complete Discovery Responses to Defendant's Interrogatories and Request for Production of Documents served on October 13, 2021 (ECF 36), and Plaintiff's Response thereto (ECF 38), pursuant to Federal Rule of Civil Procedure 37 and LCvR 37.1 and LCvR 37.2, it is hereby ORDERED and DECREED that said Motion is GRANTED IN PART.

Pursuant to Federal Rule of Civil Procedure 26, the Parties to this action may obtain discovery regarding:

> [A]ny nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The scope of discovery under the Federal Rules is broad, but not unlimited. *See Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999). Rule 26(b)(1) imposes "two content-based limitations upon the scope of discovery: privilege and relevance." *Westport Ins. Corp. v. Hippo Fleming & Pertile Law Offices*, 319 F.R.D. 214, 217 (W.D. Pa. 2017) (*quoting Trask v. Olin Corp.*, 298 F.R.D. 244, 257 (W.D. Pa. 2014)).

In addition, Rule 26(b)(2)(C) provides that—on motion or its own initiative—the court must limit the frequency or extent of discovery if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," or that "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Pursuant to Rule 37, a party who has received incomplete answers to discovery requests may move for an order compelling discovery. Fed. R. Civ. P. 37(a)(1), (4). A party moving to compel discovery bears the initial burden of establishing the relevance of the requested information. *Morrison v. Phila. Hous. Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001).

The burden then shifts to the party resisting disclosure to show that "the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *First Sealord Sur. v. Durkin & Devries Ins. Agency*, 918 F. Supp. 2d 362, 383 (E.D. Pa. 2013) (*citing McConnell v. Canadian Pac. Realty Co.*, 280 F.R.D. 188, 193 (M.D. Pa. 2011) ).

Based on the submissions of the Parties, the Court finds that the Plaintiff is still largely non-compliant with Fed.R.Civ.P. 26. The Court therefore GRANTS IN PART Defendant's Motion as follows:

This Court notes that the following facts are not in dispute: (1) a fire occurred May 13, 2020 which completely destroyed the premises and its contents; (2) Plaintiff filed a claim under a homeowner's insurance policy relating to the premises and personal property which was consumed by the fire; and (3) Defendant ("State Farm") rescinded the subject homeowner's insurance policy and denied Plaintiff's claim for insurance coverage under the subject homeowner's policy.

Despite these uncontroverted and admitted-to facts, the Parties still cannot determine what the scope of discovery should be in this case, and continue to argue as to whether certain documents and responses are required. Thus, the Court will address their issues one last time with the hope that the Parties will oblige one another, in a professional manner, so that discovery may be concluded in a timely fashion, and prepare them for their upcoming mediation.

First, based on the Parties' submissions, at least one of State Farm's reasons for the denial of coverage is that the premises that burned "was not owner occupied as a residence premises." See ECF 36. State Farm's denial of coverage is (in part) based on the policy's definition of the term "residence" and/or "residence premises" and/or how residency is defined by substantive case law governing same. Thus, documents relating to these terms are discoverable. As such, Plaintiff must produce the requested driver's license, tax returns[1], and utility bills on or before January 21, 2022. These documents would be responsive to Defendant's Request nos. 22, 23, and 24.

Second, to the extent that Plaintiff has not already produced <u>all</u> "records, bills, proof of payment, credit card statements, photographs, invoices . . . pertaining to the claims alleged by

---

[1] Plaintiff must produce only the first page of her local, state, and federal income returns with her social security number and any financial numbers redacted for 2017, 2018, 2019, and 2020, unless Plaintiff wishes to produce the entire returns for each of those years.

Plaintiff, as well as documents pertaining to renovations of the property prior to the loss and repair estimates for the loss," in her possession, Plaintiff must produce any remaining documents not previously produced, to date, on or before January 21, 2022.  See [ECF 36](ECF 36) and [ECF 38](ECF 38).  These remaining documents would be responsive to Defendant's Request nos. 7 and 9.

Third, Defendant's instant Motion requests that Plaintiff specifically identify, as part of her written responses to Defendant's requests for production of documents, which documents she has previously produced in response to Request nos. 7, 9, and 20.  Plaintiff is hereby required to amend her Responses to Defendant's Request Nos. 7, 9, and 20 to identify which previously documents she deems responsive to these three specific requests.  Said amendment must be served on Defendant on or before January 21, 2022.

Finally, Plaintiff shall produce a list of all personal property items that were lost and/or damaged in the May 13, 2020 fire.  Such a list is discoverable and will help the Parties and their mediator value the loss.  This list must be served on Defendant by January 21, 2022.

All remaining requests of Defendant are hereby DENIED.

By the Court,

s/   Arthur J. Schwab  
United States District Judge

cc:    All counsel of record