IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BOBBI-JO ISENBERG,

        Plaintiff,                        21cv1147
                                              ELECTRONICALLY FILED

        v.

STATE FARM FIRE AND CASUALTY
COMPANY,

        Defendant.

## ORDER OF COURT

Before the Court is State Farm Fire and Casualty Company's Motion to Compel Plaintiff's Deposition Testimony (ECF 41) and Plaintiff's Response to same. ECF 43.

This is the third discovery motion filed by State Farm specifically asking this Court to order Plaintiff to respond to its requests and questions. See ECF 33 (Motion to Compel Plaintiff's Complete Verified Answers to Interrogatories and Requests for Production of Documents), and ECF 36 (Motion to Compel Plaintiff's Complete Discovery Responses). Both times, this Court has granted State Farm's request for responses. See ECF 35 (Granting State Farm's Motion to Compel Plaintiff's Complete Verified Answers to Interrogatories and Requests for Production of Documents), and ECF 40 (Granting in part State Farm's Motion to Compel Plaintiff's Complete Discovery Responses).

In its instant motion, State Farm contends that Plaintiff's five and one-half hour deposition was interrupted on numerous occasions by her counsel who instructed Plaintiff not to answer various questions. State Farm also contends in the instant motion that the deposition was

adjourned (presumably prematurely) due to the alleged interruptions and instructions from Plaintiff's counsel not to answer certain questions.

Plaintiff's Response to State Farm's instant motion does not admit nor deny that counsel for Plaintiff instructed Plaintiff not to answer any question. However, Plaintiff's Response repeatedly notes that Plaintiff's counsel "objected" to any question that was asked and answered by Plaintiff on September 14, 2020 (prior to this lawsuit being filed), during an Examination Under Oath ("EUO"). Plaintiff attached the 166-page EUO transcript to her Response. ECF 43. Plaintiff also noted that this September 14, 2020 EUO was taken at the behest of State Farm.

Counsel for both Parties to this litigation are unable to resolve their differences without Court intervention. Counsel for both Parties appear to this Court to be engaging in legal posturing which is not beneficial to either of their respective clients.

As a result, the Court hereby ORDERS the following:

1. State Farm, through its current counsel, will be permitted to depose Plaintiff for two (2) additional hours.

2. State Farm, through its current counsel, may ask Plaintiff any questions to which it did not receive answers during the January 12, 2022 deposition, and Plaintiff shall respond. If there are additional questions State Farm's counsel wishes to pose during these two (2) additional hours which were not asked during the January 12, 2022 deposition, State Farm may also do so. At the end of two (2) hours, the deposition shall be concluded. This Court finds 7.5 hours total deposition time sufficient to depose Plaintiff in this insurance coverage dispute.

3. Counsel for Plaintiff may object to any question posed by Defendant during the two (2) additional hours of Plaintiff's deposition in strict accordance with Rule 30(c)(2).[1] However,

---

[1] An objection at the time of the examination--whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition--must be noted on the

Plaintiff's counsel may <u>not</u> object to a question on the basis that a question has been asked by State Farm and answered by Plaintiff during her: (1) January 12, 2022 deposition, (2) September 14, 2020 EUO, or (3) June 20, 2020 recorded statement.

    4. Counsel for Plaintiff may only instruct his client "not to answer" a question posed by State Farm's counsel only when Rule 30 allows.  See Fed.R.Civ.P. 30(c)(2) ("A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).").

    5. This Court will not entertain a Rule 30(d)(3) motion filed by the Plaintiff on the grounds that questions have been previously asked and answered during the pre-litigation proceedings (namely, the EUO and recorded statement) or during the January 12, 2022 deposition.  State Farm's counsel may choose to spend some or all of the remaining two (2) hours of deposition time re-asking Plaintiff questions to which it already has the answers.  However, this Court will entertain a Rule 30(d)(3) motion filed by the Plaintiff on other grounds.  The Court hopes that counsel for the Parties can comport themselves during the final two (2) hours of the deposition in a professional manner and in accordance with the Rules of Civil Procedure and this Order so that such a motion is not required.

    AND NOW this 28th day of January, 2022, upon consideration of Defendant, State Farm Fire and Casualty Company's Motion to Compel Plaintiff's Deposition Testimony, it is hereby ORDERED and DECREED that said Motion is GRANTED IN PART as noted above.

s/   Arthur J. Schwab
United States District Judge

cc:   All counsel of record

---

record, but the examination still proceeds; the testimony is taken subject to any objection.  An objection must be stated concisely in a nonargumentative and nonsuggestive manner.  Fed.R.Civ.P. 30(c)(2).