**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BOBBI-JO ISENBERG<br><br>vs.<br><br>STATE FARM FIRE AND CASUALTY COMPANY | DOCKET NO. 2:21-cv-01147 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS RESPONSE IN OPPOSITION TO DEFENDANT'S CONCISE STATEMENT OF MATERIAL FACTS**

Plaintiff, Bobbi-Jo Isenberg (hereinafter "Plaintiff") by and through her attorneys, Wheeler DiUlio & Barnabei, P.C., hereby files this Response in Opposition to Defendant, State Farm Fire and Casualty Company's ("Defendant") Motion for Summary Judgment as follows:

## I. MATTER BEFORE THE COURT

The matter presently before this Honorable Court is Defendant's Motion for Summary Judgment and Plaintiff's Response in Opposition thereto. Defendant's Motion for Summary Judgment should be denied because a genuine issue of material fact exists as to whether or not Plaintiff resided at the insured property.

## II. QUESTION PRESENTED

Whether Defendant's Motion should be denied when Plaintiff resided at the Apartment and the Home, thus residing at the insured property?

(*Suggested Answer: YES*)

## III. STATEMENT OF FACTS

Plaintiff is the owner of the property located at 2019 Pennsylvania Ave, New Castle, PA 16101 ("the Property" or "the Home"). At all times relevant to this matter, the Property was insured by Defendant. On May 13, 2020, the Property suffered sudden and accidental damage as

a result of major fire, which burned the Property to the ground, along with all of the contents contained therein. See, Exhibit "J".

Plaintiffs gave notice of this covered loss to Defendant in a prompt and timely manner, and fully complied with all obligations and requirements under the Policy, including, but not limited to, sitting for a recorded statement and an examination under oath. Fire is an undisputedly covered loss under the Policy.

Ultimately, Defendant denied Plaintiff's claim for coverage under the guise that Plaintiff "did not occupy the property as [her] residence premises at the time of the fire and, in fact, at any time prior thereto." See, Defendant's Exhibit "V". The term "residence premises" is defined as "the one, two, there or four-family dwelling, other structures and grounds; where you reside, and which is shown in the Declarations." See, Exhibit "G" pg. 11. Notably, the Policy fails to define the term "reside." Id. Additionally, the Policy contains no requirement that the Property be Plaintiff's primary or exclusive residence.

Plaintiff admittedly also resided at an apartment located at 401 Neshannock Avenue, New Castle, PA 16101 ("the Apartment"), which is 2.1 miles away from the Property. See, Exhibit "E". Plaintiff bought the Property, her first home, with the intentions of rehabbing it and making it her full-time residence. See, Exhibit "I" pg. 22 ln. 4-5. Plaintiff testified that because she was a low-income earner, she spent the time from May 2018 (the time of purchase) until May of 2020 (the date of the fire), working on the Property. See, Defendant's Exhibit "A" pg. 6. Because Plaintiff worked night-shift, she spent most of her days at the Property working on repairs, consisting of running new electric, ripping down all old drywall, installing insulation in the walls, putting up new drywall, installing all new windows, ripping out old carpet, remodeling the upstairs bathroom,

and fully furnishing the home. See, Exhibit "I" pgs. 69-81. She spent three or four days of the week there. See, Exhibit "I", EUO of Plaintiff, pg. 150.

Plaintiff paid the electric and gas bills for the Property. See, Exhibit "B". She also paid taxes on the Property. See, Exhibit "D." Plaintiff has her paycheck stubs sent to the Home and the Pennsylvania State Police wrote that the gas and electric were on. See, Exhibits "C" & "A".

Plaintiff eventually engaged Stephen Hnat to represent her in the adjustment of the insurance claim. See, Exhibit "F". Hnat explained that Plaintiff told him that she worked nights and would spend her days and weekends working on rehabbing the house. See, Exhibit "H". Plaintiff also told Hnat that she had mostly all of her belongings at the house, she slept there sometimes as well as prepared meals and ate at the house. Id. Hnat opined that "based on how much time she [Plaintiff] told me she spent there, the fact she slept there occasionally, she ate there and the fact that almost all of her stuff was there, she did in fact reside at the house." Id.

Despite residing at both the Apartment and the Home, Defendant denied Plaintiff's claim and rescinded her insurance policy. Left without recourse, Plaintiffs filed an action for Breach of Contract and Bad Faith.

## IV. ARGUMENT

### A. Standard of Review

In deciding a motion for summary judgment, the court must determine "whether the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact and whether the moving party is therefore entitled to judgment as a matter of law." Macfarlan v. Ivy Hill SNF, LLC, 675 F.3d 266, 271 (3d Cir. 2012) (*citing* Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). Summary judgment is appropriate *only if* "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a)

(emphasis added). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and it is material if it will affect the outcome of the trial under governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To raise a genuine issue of material fact for trial a party opposing summary judgment "need not match, item for item, each piece of evidence proffered by the movant." Hasan v. Allstate Ins. Co., 2013 U.S. Dist. LEXIS 58981 *19 (E.D. Pa. 2013) (citing Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992)). "Rather, 'if the opponent has exceeded the 'mere scintilla' threshold and has offered a genuine issue of material fact, then the court cannot credit the movant's version of the events against the opponent, even if the quantity of the movant's evidence far outweighs that of its opponent.'" Id. "[T]he issue of material fact required by Rule 56(c) to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." First National Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).

In deciding a motion for summary judgment, the Court must view the evidence and all reasonable inferences from the evidence in the light most favorable to the non-moving party. Macfarlan, 675 F.3d at 271; Bouriez v. Carnegie Mellon Univ., 585 F.3d 765, 770 (3d Cir. 2009). "[A] court may not weigh the evidence or make credibility determinations." Duvall v. Hustler, 447 F.Supp. 3d 311, 315 (E.D. Pa. 2020). Whenever a factual issue arises which cannot be resolved without a credibility determination, at this stage the Court must credit the non-moving party's evidence over that presented by the moving party. Anderson, 477 U.S. at 255. Credibility determinations, the drawing of legitimate inferences from facts, and the weighing of evidence are matters left to the jury. Post v. St. Paul Travelers Ins. Co., 691 F.3d 500, 514 (quoting Anderson,

477 U.S. at 255). Finally, oral testimony or testimonial affidavits of the moving party or his witnesses, even if uncontroverted, will not afford sufficient basis for the entry of summary judgment. Weaver v. Lancaster Newspapers, 926 A.2d 899, 907 (Pa. 2007) (citing Curran v. Philadelphia Newspapers, Inc., 439 A.2d 652, 662 (Pa. 1981)).

"A federal court sitting in diversity must apply state substantive law and federal procedural law." Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citation omitted). Here, the parties do not dispute that the Policy must be interpreted under Pennsylvania law. Pursuant to Pennsylvania law, the insured has the burden of proving facts that bring its claim within the policy's coverage. Koppers Co., Inc. v. Aetna Cas. & Surety Co., 98 F.3d 1440, 1447 (3d Cir. 1996). "By contrast, the insurer bears the burden of proving the applicability of any exclusions or limitations on coverage, since disclaiming coverage on the basis of an exclusion is an affirmative defense." *Id.* (citations omitted). Cerci v. Hartford Fin. Servs. Grp., Inc., No. CV 19-1588, 2021 WL 4987585, at *4 (W.D. Pa. Sept. 27, 2021)

**B. Legal Standard for Policy Interpretation Under Pennsylvania Law**

The Pennsylvania Supreme Court has repeatedly stated that "[o]ur primary goal in interpreting a[n] [insurance] policy, as with interpreting any contract is to ascertain the parties' intentions as manifested by the policy's terms." Kvaerner Metals Div. of Kavaerner U.S., Inc. v. Commercial Union Ins. Co., 908 A.2d 888, 897 (Pa. 2006) *accord* 401 Fourth Street, Inc. v. Investors Ins. Group, 879 A.2d 166, 171 (Pa. 2005);

> "[I]n determining what the parties intended by their contract, the law must look to what they clearly expressed. Courts in interpreting a contract, do not assume that its language was chosen carelessly." Steuart v. McChesney, 498 Pa. 45, 444 A.2d 659, 662 (1982)(quoting Moore v. Stevens Coal Co., 315 Pa. 564, 173 A. 661, 662 (1934)). Thus, we will not consider merely individual terms utilized in the insurance contract, but the entire insurance provision to ascertain the intent of the parties.

401 Fourth Street, 879 A.2d at 171 (interpreting an insurance policy).

Under Pennsylvania law, a policy provision is "ambiguous" only if it is reasonably susceptible to more than one interpretation. See Tuscarora Wayne Mut. Ins. Co. v. Kadlubosky, 889 A.2d 557, 561-62 (Pa. Super. 2005). Pennsylvania courts have taken the approach that "where a provision of a policy is ambiguous, the policy provision is to be construed in favor of the insured and against the insurer, the drafter of the agreement." Madison Constr. Co. v. Harleysville Mut. Ins. Co., 557 Pa. 595, 606, (1999).

Finally, all policy exclusions should be strictly and narrowly construed while coverage clauses are broadly interpreted to afford the greatest possible protection. Swarner v. Mut. Benefit Grp., 2013 PA Super 198. In Hartford Mut. Ins. Co. v. Moorhead, 396 Pa. Super. 234, 239, the Superior Court of Pennsylvania held that "in interpreting the language of contract provisions, the reasonable expectations of the insured must not be defeated." Under reasonable expectations standard, Pennsylvania courts will enforce only the restrictions and the terms in an insurance contract that are consistent with the objectively reasonable expectations of the average insured. Collister v. Nationwide Life Ins. Co., 479 Pa. 579, 594, (1978).

### C. The Issue of Whether or not Plaintiff Resided at the Property, such that Coverage should be Afforded under the Policy, is Factual Issue not Ripe for Summary Judgment.

#### *i. The Policy in this case is ambiguous as to whether it would cover a person who had dual residency.*

The Court must "evaluate the terms of the Policy to determine whether they are ambiguous." Devcon International Corp. v. Reliance Ins. Co., 609 F.3d 214, 218 (3d Cir. 2010) A term is ambiguous if more than one reasonable interpretation of the term exists. Id. If the court finds that the Policy is unambiguous, the court must give effect to the terms as stated on the face of the Policy. However, if the court identifies an ambiguity in the Policy, the court must resolve

the ambiguity by giving effect to the interpretation of the term that is most favorable to the insured, as the non-drafting party. Id. (citing J.C. Penney Life Ins. Co. v. Pilosi, 393 F.3d 356, 364 (3d Cir. 2004)).

The Policy states:

> **Residence Premises** – the one-, two-, three- or four-family dwelling … where **you [Plaintiff]** reside and which is shown in the Declarations..

See, Exhibit "G" pg. 11.

The term "reside" is not defined. Insurers are free to refine the language to specify the terms of the policy. Because there is no specificity regarding the term "reside" in the Policy, and Plaintiff was physically present at the factual abode, *i.e.* the Property, she was legally a resident of the Property. State Farm chose not to include limiting principles or specificities concerning where one resides, rendering the language intrinsically transitory. The Court must apply the rules relating to insurance contracts. Defendant drafted the Policy in question and is required to shoulder the risk of ambiguity in applying the contractual language.

While also residing at the Apartment, Plaintiff purchased the Property, spent multiple days a week there, kept her personal belongings there, furnished the property, paid the utilities, paid the taxes, and renovated the Property. See, Exhibits "B", "D", "H", and "J". Taking all facts in the light most favorable to Plaintiff, a reasonable mind could draw the conclusion that she was a dual resident of the Apartment and the Home at the time of the fire; thus, the language *is* ambiguous and must be construed in favor the insured. The only effect of the ambiguity requested by Plaintiff is that without limiting words of refinement, the insurance policy allowed coverage for an insured with dual residences.

*ii. Plaintiff Resided at the Apartment and the Home at the Time of the Fire*

"Residence, being more transitory, is clearly not synonymous with domicile . . . [r]esidence though has always been regarded as something more fluid and less permanent than a domicile, and there is no reason to believe one cannot have a sufficient physical presence at more than one place to establish a residence." Geico Cas. Co. v. Alicea, 416 F.Supp.3d 425, 432 (W.D. Pa. 2019). Though "domicile" and "residence" may be used in the same context, the word resident as used in an insurance policy carries a more transient meaning. Krager v. Foremost Insurance Co., 304 Pa. Super. 390,93-94, (1982). Courts in Pennsylvania and within the Third Circuit interpreting Pennsylvania law, "have agreed or at least assumed that a person is not limited to one residence." Alicea, 416 F.Supp.3d. at 432. *See e.g.,* Quincy Mut. Fire Ins. Co. v. Clyman, 910 F. Supp. 230, 232 (E.D. Pa. 1996); Allstate Ins. Co. v. Popyack, Civ. No. 15-1765, 2015 WL 9260050, at *4 (E.D. Pa. Dec. 17, 2015); Erie Ins. Co./Erie Ins. Exchange v. Flood, 168 Pa.Cmwlth. 258, 649 A.2d 736, 738-39 (1994).

Pennsylvania law defines "residence" as a factual place of abode; living in a particular place, requiring only physical presence. Krager v. Foremost Ins. Co., 450 A.2d 736, 738 (Pa. Super. 1982). The word "resident" as used in a policy, without additional words of refinement, i.e., permanent, legal, etc., would carry a more transitory meaning. Id. It is well settled that one can have more than one residence under Pennsylvania law. Ionata v. Allstate Ins. Co., 2016 U.S. Dist. LEXIS 116776 *9 (E.D. Pa. 2016). The word "resides" contemplates merely some consistent, personal contact with that person's home. Travelers Pers. Ins. Co. v. Estate of Parzych, 675 F.Supp. 2d 505, 509 (E.D. Pa. 2009). Courts look at various factors to determine an individual's residence, including where they eat, sleep, keep possessions, and receive mail. Hasan, 2013 U.S. Dist. LEXIS 58981 *24. However, the ultimate touchstone of residency is regular physical presence at the

subject property. Gerow v. State Auto Prop. & Cas. Co., 346 F.Supp. 3d 769, 780 (W.D. Pa. 2018). "*Thus, the issue of residency is a question of fact*." Hasan v. Allstate Ins. Co., 2013 U.S. Dist. LEXIS 58981 *24 (E.D. Pa. 2013) (emphasis added).

In Hasan, this Court denied defendant Allstate's motion for summary judgment, finding it inappropriate given the possibility that a reasonable factfinder could conclude that plaintiff's wife resided at the subject property for purposes of the policy. Id. at *25. There, defendant Allstate argued that the plaintiff's wife did not reside at the subject property because she spent considerable time in Jerusalem during the relevant time period and she slept at her brother-in-law's home upon returning to Philadelphia. Id. at *24. However, the record also included evidence that plaintiff's wife continued her marital relationship with plaintiff and that the family had begun the process of the wife and kids returning to live at the property. Id. These disputed facts meant that the court could not, as a matter of law, determine that plaintiff's wife was not a resident of the property. Id.

Further, in Krager v. Foremost Ins. Co., the issue before the court was whether or not the named insured's son was an "insured" under the policy. Krager, 450 A.2d 736 (Pa. Super. 1982). The son split his time between staying at his home in New York and his mother's home in Pennsylvania throughout the year. Id. at 737. The court concluded that residence was a place of factual abode that required only physical presence, and that the word "resident" without additional words of refinement, i.e., permanent, legal, etc., carries a more transitory meaning. Id. at 738. As the party having the opportunity to spell out the terms of the insurance agreement, the ambiguous definition, was construed against the insurance carrier. Id. The court held that the son was indeed a resident of the household that he stayed at partially throughout the year. Id.

In Cerci v. Hartford Fin. Servs. Grp., Inc., the insured "maintained utility services in her name, maintained a mortgage on the Property and made most of the mortgage payments, paid the

utility bills and real estate taxes, received mail at the insured premises, and performed routine maintenance." Cerci, No. CV 19-1588, 2021 WL 4987585, at *3 (W.D. Pa. Sept. 27, 2021). She also kept some furniture, personal property and clothing at the Property. Id. The Court stated that the key factor courts consider in making this determination is whether contact with the dwelling in question is regular or sporadic. Persons who have been found to reside at a certain place have demonstrated an 'established pattern of spending significant time' there, and that they maintained their contacts as part of a regular pattern. On the other hand, persons with only occasional or sporadic contact with a residence are generally not found to reside there, regardless of whatever indicia of residency they can show. There is no specific amount of time a person must stay at a place to make it his or her residence, but courts have commonly found that those who sleep at a place no more than once a week or so are not residents of that place. Id. at *6. (citing Erie Ins. Co. v. Flood, 649 A.2d 736, 739 (1994)). Courts have looked at factors such as where an individual sleeps, takes her meals, receives mail, and stores personal possessions. Cerci, at *6. Under Pennsylvania law, a person can have more than one residence. ("no Pennsylvania appellate court has ever suggested that one is limited to one residence." (footnote and citations omitted). Id. Ultimately, the Court held that "whether Ms. Cerci resided at the Property cannot be resolved on a motion for summary judgment." Id. at *7.

In the current case, the Home was full of Plaintiff's personal belongings, and she testified that almost all of her stuff was there besides her tv and bed. See, Exhibit "I" pg. 152 & Exhibit "J". Further, she paid the utilities and taxes on the Home. See, Exhibits "B" & "D". Plaintiff spent at least three to four days of the week at the Home. See, Exhibit "I" pg. 150. Stephen Hnat, Plaintiff's public adjuster explained that Plaintiff occasionally slept at the house, prepared meals

there and spent days and weekends rehabbing the house. See, Exhibit "H". Thus, as in Cerci, the issue as to whether Plaintiff resided at the Home should not be resolved on summary judgment.

*iii. The Cases Cited by Defendant are Factually Distinct from the Instant Matter.*

The first case cited by Defendant is that of Chong Chen v. Allstate Ins. Co., No. 11-2356, 2012 US Dist. LEXIS 18310 (E.D. Pa. Feb. 14, 2012). In Chen, the plaintiff was renting out the property for rental income and his tax returns reported the property as 100 percent for business use. 2012 WL 460416, at *5 (E.D. Pa. Feb. 14, 2012). The court found that Plaintiff was not utilizing the property principally as a private residence, but as a business. Id. Plaintiff did not use the Property for any business purposes; thus, Chen is not analogous to this case.

Defendant then cites to Gerow v. State Auto Prop & Cas. Co.. However, in Gerow, the wife and children of the insured moved Connecticut years before the loss with no intent to return. Gerow, 346 F. Supp. 3d 769, 780 (W.D. Pa. 2018). The insured stayed in Connecticut three to four days a week and would simply visit the property two to four times per month to check on it and then continue to Washington D.C. and they had moved their personal belongings to Connecticut. Id. As the Court in Cerci explained, "in Gerow as well as Mu'Min, the properties were essentially left unoccupied for a significant period od time and the insureds showed no intent to return." Cerci v. Hartford Fin. Servs. Grp., Inc., No. CV 19-1588, 2021 WL 4987585, at *6 (W.D. Pa. Sept. 27, 2021). This is certainly different from the current case, where Plaintiff spent three to four days a week at the house and had almost all of her personal belongings there. See, Exhibit "I" pg. 152 & Exhibit "J". Further, not only was there no intent not to return, but Plaintiff was readying the property to be her full-time residence in July. See, Exhibit "I" pg. 158.

Lastly, is the case of Campbell v. State Farm Fire & Cas. Co. In Campbell, the insured stopped paying the utilities, taxes and moved out two years prior to the date of loss. Campbell,

2018 U.S. Dist. LEXIS 119973, *2 (W.D. Pa. 2018). For the reasons already explained herein at length, the instant case Plaintiff paid both the utilities and the taxes on the Home and spent most of her time there. See, Exhibits "B", "D" & "I" pg. 150.

**D. Defendant's Refusal to Accept Evidence of Plaintiff's Residence is Bad Faith.**

To succeed on a bad faith claim under Pennsylvania law, a plaintiff-insured must prove, by clear and convincing evidence: (1) that the insurer did not have a reasonable basis for denying benefits under the policy; and (2) that the insurer knew of or recklessly disregarded its lack of reasonable basis in denying the claim." Northwestern Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 137 (3d Cir. 2005); Terletsky v. Prudential Prop. & Cas. Ins. Co., 437 Pa. Super. 108, 649 A.2d 680, 688 (1994). Courts have defined bad faith as any frivolous or unfounded refusal to pay the proceeds of a policy that imports a dishonest purpose and means a breach of a known duty of good faith and fair dealing, through some motive of self-interest or ill will. Lublin v. American Financial Group, Inc., 960 F. Supp. 2d 534 (E.D. Pa. 2013).

The essence of a bad faith claim is the unreasonable and intentional, or reckless, denial of benefits. An insurer's dishonest purpose or motive of self-interest or ill will is not a required element for a finding of bad faith; however, such motive may be considered in determining whether the insurer knowingly or recklessly disregarded its lack of a reasonable basis for denying a claim. Post v. St. Paul Travelers Ins. Co., 691 F.3d 500 (3d Cir. 2012). Bad faith conduct of an insurer includes evasion of the spirit of the bargain, lack of diligence and slacking off, willful rendering of imperfect performance, abuse of power to specify terms, and interference with or failure to cooperate in the other party's performance. Rancosky v. Washington Nat. Ins. Co., 2015 Pa. Super. 264, 130 A.3d 79 (2015), appeal granted in part, 144 A.3d 926 (Pa. 2016) and appeal denied, 145 A.3d 727 (Pa. 2016).

Here, Defendant issued a blanket denial letter, without including any facts of relevance, and instead rescinding Plaintiff's Policy. Despite not defining the term "reside" in the Policy, Defendant states only that "the structure in question was not your residence premises." See, Defendant's Exhibit "V". The denial/rescission letter makes no mention of the fact that Plaintiff was residing at both the Apartment and the Home at the time of the loss.

Rather, according to its moving papers, Defendant relies solely on the testimony of Plaintiff, in which she stated that she did not reside at the Property during an EUO. However, the term "reside" as it relates to the insurance policy carries a special definition of which Plaintiff would not have been aware. Furthermore, Plaintiff produced evidence of the utility bills being on, the property taxes being, paid, receipts for work being completed at the property, a list of personal belongings inside the property, and testified that she was there three or four days out of the week. See, Exhibits "B", "D" & "I" pg. 150. Defendant erroneously states that Plaintiff listed the Apartment address on her credit card and bank statements on the months leading up to the fire, despite the fact that Plaintiff does not "list" an address on such statements each month. The address on the above-referenced statements, was the same address as when those accounts were opened. Plaintiff freely admits that her children were attending the New Castle school system, as that is where they always attended school since she had been at the apartment complex for 10 years. See, Exhibit "I" pg. 22, ln. 23-24. She also had her dog license, through her apartment complex, with the Apartment address listed on them. See, Defendant's Exhibit "R". None of these facts change the fact that Plaintiff resided at both the Apartment and the Home. This unreasonable denial and policy rescission should survive summary judgment and proceed to the finder of fact.

## V. CONCLUSION

For all of the foregoing reasons, specifically that genuine issues of material fact as to the residency of Plaintiff still remain, it is respectfully requested that this Honorable Court deny Defendant's Motion for Summary Judgment and enter an Order the form attached hereto.

Respectfully submitted,

___*Vincent J. Doto*_____
Vincent J. Doto, Esquire
Attorney ID: 326037
Wheeler, DiUlio & Barnabei, P.C.
1617 JFK Blvd, Suite 1270
Philadelphia, PA 19103
vdoto@wdblegal.com
215-971-1000
Attorney for Plaintiff

Date: 4/12/2022

**CERTIFICATE OF SERVICE**

I hereby certify that the forgoing document(s) were filed on this date with the Clerk of the Court for the United States District Court by using the CM/ECF system and understand that electronic notice of the filing will automatically be sent to all counsel of record.

Respectfully submitted,

___*Vincent J. Doto*_____
Vincent J. Doto, Esquire
Attorney ID: 326037
Wheeler, DiUlio & Barnabei, P.C.
1617 JFK Blvd, Suite 1270
Philadelphia, PA 19103
vdoto@wdblegal.com
215-971-1000
Attorney for Plaintiff

Date: 4/12/2022